IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAME GARA, #M03053, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-0769-MJR-SCW |
| | ) |
| ROBERT KELLEY, TRACY PEEK, DR. | ) |
| WAHL and WEXFORD HEALTH | ) |
| SOURCES, INC., | ) |
| | |
| Defendant. | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

I.   Introduction and Factual/Procedural Background

In October 2010, Rame Gara, an inmate incarcerated at Pinckneyville Correctional Center in Pinckneyville, Illinois, filed suit for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983.

Liberally construed, Gara's complaint alleges as follows. Gara was playing soccer in early May 2009 and injured his knee. He was carried back into the building by two other inmates, in pain and unable to walk. C/O Kelley denied Gara's request to be taken to the Health Care Unit and instead sent him back to his cell. Gara put in a sick call request and was seen three days later by Tracy Peek, an LPN. Gara told Peek that he was in extreme pain and showed her his badly swollen knee, but Peek only gave him a bag to use for an ice pack. During the following year, Gara was seen at various times by Doctors Obadina, Wahl and Gary who recommended or prescribed

such remedies as pain pills, physical therapy and a knee immobilizing device.   An April 2010 MRI showed osteoarthritis, fluid, swelling of the kneecap, a small tear of the medial meniscus and a probable tear of the anterior cruciate ligament.

On preliminary review, the Court found that Gara had stated an Eighth Amendment claim for deliberate indifference to serious medical needs against Kelley, Peek, Obadina, Wahl and Wexford Health Sources, Inc.   The Court's current analysis focuses on claims against Kelley.   In answering the complaint, Kelley raised the affirmative defense that Gara failed to exhaust his administrative remedies as is required before filing suit under 42 U.S.C. § 1983 by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. 43).   On December 1, 2011, Kelley moved for summary judgment on the issue of exhaustion (Doc. 53).

On July 13, 2012, Judge Williams submitted a Report and Recommendation ("the Report") pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that Kelley's summary judgment motion be granted and that Kelley be dismissed without prejudice as Defendant herein (Doc. 73).   The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. Gara filed a timely objection (Doc. 74).

Accordingly, the Court will undertake *de novo* review of the portions of the Report to which specific objection was made.   **28 U.S.C. §**

636(b)(1)(B); FED. R. CIV. P. 72(b); **Southern District of Illinois Local Rule 73.1(b)**; *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. FED. R. CIV. P. 72(b); **Local Rule 73.1(b)**; *Willis v. Caterpillar, Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**.

## II. Standard for summary judgment

Summary judgment is appropriate where the pleadings, discovery materials, and any affidavits show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Turner v. The Saloon, Ltd.*, **595 F.3d 679, 683 (7th Cir. 2010)**. In ruling on a summary judgment motion, the district court must construe all facts in the light most favorable to, draw all legitimate inferences in favor of, and resolve all doubts in favor of the non-moving party. *National Athletic Sportswear, Inc. v. Westfield Ins. Co.*, **528 F.3d 508, 512 (7th Cir. 2008)**. *Accord Reget v. City of La Crosse*, **595 F.3d 691 (7th Cir. 2010)**.

When the non-moving party bears the burden of proof, though, he must demonstrate the existence of a genuine fact issue to defeat summary judgment. *Reget*, **595 F.3d at 695**. To survive summary judgment, the non-movant must provide admissible evidence on which the

3

jury or court could find in his favor. *See Maclin v. SBC Ameritech*, **520 F.3d 781, 786 (7th Cir. 2008).**

In deciding a summary judgment motion, the court may not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the truth of the matter. The court's only role is to determine whether there is a genuine issue of triable fact. ***National Athletic*, 528 F.3d at 512,** *citing Doe v. R.R. Donnelley & Sons Co.*, **42 F.3d 439, 443 (7th Cir. 1994).** As succinctly stated by the Seventh Circuit Court of Appeals, "There is no genuine issue of material fact when no reasonable jury could find in favor of the nonmoving party." ***Van Antwerp v. City of Peoria, Illinois*, 627 F.3d 295, 297 (7th Cir. 2010),** *quoting Brewer v. Bd. of Trs. of the Univ. of Illinois*, **479 F.3d 908, 915 (7th Cir. 2007).**

Stated another way, summary judgment is the "put up or shut up" moment in litigation – the point at which the non-movant must marshal and present to the court the admissible evidence which he contends will prove his case. ***Goodman v. National Security Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010) (citations omitted).** With these principles in mind, the Court turns to the motion in the instant case.

### III. Analysis

With respect to the issue of exhaustion of remedies, the Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  **42 U.S.C. § 1997e(a).**

In ***Perez v. Wisconsin Department of Corrections***, **182 F.3d 532 (7th Cir. 1999)**, the Court of Appeals for the Seventh Circuit held that exhaustion of administrative remedies, while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy and regardless of notions of judicial economy.  ***Perez*, 182 F.3d at 537**.  Exhaustion means that the prisoner has "complete[d] the administrative process by following the rules the state has established for that process."  ***Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).**  "Any other approach … would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem - or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner."  ***Id.* at 1023-24**.  "Because failure to exhaust administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the defense."  ***Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000).**

The grievance procedures applicable to the Illinois Department of Corrections are set forth in **20 Ill. Admin. Code §§ 504.800-504.850**.  To be fully exhausted, a grievance must be pursued through the institutional

system and ultimately be denied by the Administrative Review Board ("ARB"). *Id.* The grievance procedure requires an inmate to provide "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." **§ 504.810(b).** If an inmate does not know the name of an individual, he must include as much descriptive information about the individual as possible. *Id.*

In Gara's objection to the Report, he submits that the Health Care Unit Administrator, the counselor, the grievance officer and the Chief Administrative Officer, in their individual reviews, combined his April 2010 and May 2010 grievances and denied them on the merits without mentioning any procedural defect. The ARB, however, addressed each grievance individually and rejected Gara's first grievance as untimely because "it mentions May 2009."

Gara points out that district courts in the Seventh Circuit have taken divergent paths when confronted with the issue of whether a prisoner's grievance is exhausted where every level of the administrative process addresses the grievance on the merits except for the ARB. In *Sylvester v. Chandler*, **2010 WL 3420385 (N.D.Ill. 2010)**, the district court granted summary judgment for the defendant in circumstances similar to the instant case; that is, at the first levels of review, the grievance was denied on the merits, but the ARB determined that the grievance was

6

untimely, because it was filed over sixty days from the date of the plaintiff's injury.  **2010 WL 3420385, at \*2**.  The opposite result was reached in **Escobedo v. Miller, 2009 WL 2605260 (C.D.III. 2009)**, where the district court found that the ARB could not reject the appeal of the grievance officer's and chief administrative officer's decisions as untimely, where both the grievance officer and the chief administrative officer had considered the grievance on the merits.  **2009 WL 2605260, at \*5**.  Neither Gara nor Kelley has directed the Court's attention to any Seventh Circuit precedent directly on point, nor has the undersigned Judge discovered such a case through his own research.

Having carefully considered the interplay among the PLRA, the relevant provisions of the Illinois Administrative Code and case law, the Court concludes that the better course is that identified in **Sylvester** and recommended by Judge Williams:  the ARB's denial of an inmate's grievance on purely procedural grounds means that "the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust." **Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008)**.

"This circuit has taken a strict compliance approach to exhaustion." **Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006)**.  If a prisoner fails to properly use the prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." **Id., citing Pozo, 286 F.3d at 1025**

**("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.")**. "Section 1997e(a) requires 'proper exhaustion'; that is, the inmate must file a timely grievance utilizing the procedures and rules of the state's prison grievance process." ***Maddox v. Love*, 655 F.3d 709, 720-21 (7th Cir. 2011)**.

According the Illinois Administrative Code its plain meaning, the Court finds no support for Gara's contention that the first two levels of review can tie the hands of the ARB such that it can only address a grievance on its merits and not on procedural grounds. The Code does not preclude the ARB from addressing timeliness or addressing individually grievances that were combined below. Gara was injured in May 2009 and his first grievance was filed in April 2010. So, Gara's grievance was not "filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." ***See* 20 Ill. Admin. Code § 504.810**. And Gara has not demonstrated that his grievance was not timely filed for good cause. ***Id***.

In sum, Gara failed to file a timely grievance as the prison's administrative rules required. Since Gara's grievance was properly denied solely on procedural grounds at the highest level of Illinois's administrative remedy process, he has not exhausted and may not proceed in federal court. ***Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004) ("Just as courts**

**may dismiss suits for failure to cooperate, so administrative bodies**

**may dismiss grievances for lack of cooperation; in either case this**

**procedural default blocks later attempts to litigate the merits.").**

Gara makes a second argument that an allegation of deliberate indifference to serious medical need is a continuing violation and, as such, Kelley's untimeliness contention is frivolous.

As the Seventh Circuit explained in **Heard v. Sheahan**, **253 F.3d 318 (7th Cir. 2001)**, where a plaintiff charges that the defendants inflicted cruel and unusual punishment on him by refusing to treat his condition,

> [t]his refusal continued for as long as the defendants had the power to do something about his condition, which is to say until he left the jail. Every day that they prolonged his agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew. A series of wrongful acts creates a series of claims. **253 F.3d at 318 (citations omitted)**.

While, clearly, failure to treat a medical condition may constitute a continuing violation, Gara fails to demonstrate how this could conceivably apply to Kelley. Kelley's actions, at most, delayed Gara's care for three days in May 2009. The act was discrete, and there was no need for Gara to wait approximately eleven months for an entire series of events to unfold before filing his grievance. Since there was no excuse for Gara's delay, the violation cannot be deemed "continuing." **See id.** at 320.

IV. <u>Conclusion</u>

Having conducted *de novo* review, the Court **ADOPTS** in its entirety Judge Williams' July 13, 2012, Report and Recommendation (Doc. 73), **GRANTS** Defendant Kelley's motion for summary judgment (Doc. 53) and **DISMISSES without prejudice** Gara's claims against Kelley.  ***See Ford*, 362 F.ed at 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice") (emphasis in original).**

The Court notes that this matter is set for final pretrial conference on November 29, 2012, at 9:00 a.m., and jury trial on January 14, 2013, at 9:00 a.m.   Presently remaining for trial are Gara's claims against Tracy Peek, Dr. Wahl and Wexford Health Sources, Inc.

IT IS SO ORDERED.

DATED this 23rd day of August, 2012

<u>s/Michael J. Reagan</u>
MICHAEL J. REAGAN
United States District Judge